UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**ROBERT W. MAUTHE, M.D., P.C.**
individually, and on behalf
of all others similarly situated,

    Plaintiff,

v.

**VERSA CARDIO, LLC,**

    Defendant.

CIVIL ACTION NO.

**CLASS ACTION COMPLAINT**

1. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy." 47 U.S.C. § 227, Congressional Statement of Findings #5. In enacting the TCPA, Congress outlawed telemarketing via unsolicited facsimile, hereinafter "Junk Faxes." 47 U.S.C. § 227. Plaintiff, Robert W. Mauthe, M.D., P.C. ("Mauthe"), is a private medical practice in Center Valley, Pennsylvania, which has long been inundated with Junk Faxes. Mauthe brings this class action to challenge Versa Cardio, LLC's ("Versa Cardio") wholesale issuance of Junk Faxes in violation of the TCPA.

## THE PARTIES

2. The Plaintiff, Robert W. Mauthe, M.D., P.C., is a private medical practice in Center Valley, Pennsylvania.

3. The Defendant, Versa Cardio, LLC is a California limited liability company based in Folsom, CA. Versa Cardio, does business in this District.

## JURISDICTION

4. The District Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a substantial portion of the facts and circumstances that give rise to the cause of action occurred here, as Versa Cardio sent the challenged Junk Faxes to this District.

## THE LEGAL BASIS OF THE CLASS CLAIMS

6. Mauthe's claims, and those of the class it seeks to represent, arise under the TCPA.

7. Among other provisions, the TCPA forbids Junk Faxes – sending unsolicited advertisements for goods and services via facsimile. 47 U.S.C. §227(b)(1)(C).

8. The TCPA requires that even fax advertisements being sent to those who consented to their receipt, or with whom the advertiser had an established business relationship, must include an Opt Out Notice. 47 U.S.C. §227(b)(2)(D).

9. Among other things, the Opt Out Notice provision requires the sender to clearly disclose in the body of the fax that recipients may request that the sender stop

10. Section §227(b)(3) of the TCPA provides a private right of action:

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receiver $500 in damages for each violation, whichever is greater, or (C) both such actions.

### FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFF

11. On August 28, 2014 and on at least two subsequent dates Versa Cardio sent a fax advertisement to Dr. Mauthe touting its cellular cardiac monitors as a means to "increase revenues today." Exhibit 1, 2, and 3.

12. This fax advertisement is a form document, addressed to recipients with the preface "Welcome Physician Assistants, General Practice, Family Practitioners, Internists, Cardiologists."

13. Dr. Mauthe did not consent to receive fax advertisements from Versa Cardio.

14. The Junk Fax form does not contain an Opt Out Notice that complies with the TCPA.

15. Versa Cardio sent and continues to send this form Junk Fax to medical offices throughout the United States. A copy of three of the Junk Faxes sent to Dr. Mauthe are attached as Exhibit 1, 2, and 3.

### CLASS ALLEGATIONS

16. Dr. Mauthe brings this action under Fed. R. Civ. P. 23.

17. Through the transmission of generic fax advertisements promoting its goods and services, including the Junk Fax it sent to Mauthe, Versa Cardio has engaged in wholesale violations of the TCPA.

18. Based on the generic style of the fax advertisement, the standard telemarketing reach of a Junk Fax campaign, and the geographic distance between Mauthe's Pennsylvania office and Versa Cardio's California locale, Versa Cardio has likely transmitted Junk Faxes to thousands of recipients throughout the United States.

19. Versa Cardio did not obtain the consent of Junk Fax recipients prior to sending them.

20. To the extent facsimile advertisements were transmitted by Versa Cardio to those who had given consent, or had an established business relationship with it, of which there is no evidence at this time, the Junk Faxes still violate the TCPA, as they did not contain the Opt Out Notice required by law.

21. The class that Mauthe seeks to represent is composed of all persons or entities within the United States to whom Versa Cardio sent Junk Faxes promoting Versa Cardio's goods or services at any time within four years prior to the filing of this Complaint through the date a class action is certified in this matter.

22. The class defined above is identifiable by Versa Cardio and its business partners or agents, from the databases used to send the Junk Faxes.

23. There are questions of law and fact common to Mauthe and to the proposed class, including but not limited to the following:

    a. Whether Versa Cardio violated the TCPA by engaging in fax advertising;

  b. Whether the facsimiles sent by Versa Cardio to class members constitute unsolicited advertisements; and

  c. Whether Mauthe and the members of the class are entitled to statutory damages as a result of Versa Cardio's actions.

  24. Mauthe's claims are typical of the claims of the class.

  25. Mauthe is an adequate representative of the class because its interests do not conflict with those of the class, it will fairly and adequately protect the interests of the class, and it is represented by counsel skilled and experienced in class actions.

  26. Common questions of law and fact predominate over questions affecting only individual class members and a class action is the superior method for the fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Versa Cardio and/or its agents.

  27. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

  28. Mauthe is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

  29. Mauthe is capable of representing the members of the class.

## CAUSES OF ACTION
### COUNT I: VIOLATION OF THE TCPA

30. Versa Cardio caused Junk Faxes promoting its goods and services to be sent to Mauthe and class members, in violation of the TCPA.

31. By sending Junk Faxes to the class, Versa Cardio violated class members' privacy rights.

32. By sending Junk Faxes to the class, Versa Cardio caused class members to sustain property damage and cost in the form of paper and toner.

33. By sending Junk Faxes to the class, Versa Cardio interfered with the class members' use of their property, as class members' facsimile machines were encumbered by the transmission of Versa Cardio's Junk Faxes.

34. Versa Cardio failed to provide the requisite Opt Out Notice on its Junk Faxes, informing the recipients of their right to cease receiving such advertisements and a cost free mechanism to make such request.

35. Failure to provide Opt Out Notice on a facsimile advertisement is a separate and distinct violation of the TCPA.

36. The TCPA provides for statutory damages in the amount of a minimum of $500 for each separate violation of its terms.

### COUNT II: INJUNCTIVE RELIEF

37. The TCPA expressly authorizes injunctive relief to prevent future violations of the Act.

38. Mauthe, on behalf of the Class, respectfully petitions the Court to order Versa Cardio to immediately cease engaging in unsolicited facsimile advertising in violation of the TCPA.

### PRAYER FOR RELIEF

WHEREFORE, on behalf of himself and members of the class, Mauthe prays for the following relief:

1. That Versa Cardio be enjoined from engaging in future telemarketing in violation of the TCPA;

2. That Versa Cardio, its agents, or anyone acting on its behalf, be enjoined from altering, deleting or destroying any documents or records that could be used to identify the class members;

3. That this Court certify the claims of Mauthe and all others similarly situated as class action claims as provided by Rule 23 of the Federal Rules of Civil Procedure;

4. That Mauthe and the other members of the class action so certified be awarded $500 for each negligent violation of the TCPA by Versa Cardio and $1,500 for each willful violation;

5. That the Court enter an appropriate order enjoining Versa Cardio, its agents, or anyone acting on its behalf, from altering, erasing, changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs, in its possession or control which can be used to identify all

persons, corporations, or other entities to whom Versa Cardio have transmitted unsolicited facsimile advertisements; and

6. That Mauthe and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Mauthe requests a jury trial as to all claims of the complaint so triable.

Respectfully submitted,
Shenkan Injury Lawyers, LLC.

_____

Richard Shenkan
Shenkan Injury Lawyers, LLC
Attorney ID 79800
6550 Lakeshore St.
West Bloomfield, MI 48323
(248) 562-1320
(888) 769-1774 (fax)
rshenkan@shenkanlaw.com

John Roddy
Elizabeth Ryan
Bailey & Glasser LLP
99 High Street, Suite 304
Boston, MA 02110
(617) 439-6730
(617) 951-3954 (fax)
jroddy@baileyglasser.com
eryan@baileyglasser.com
*(Pro Hac Admission to be Filed)*

John Barrett
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 (fax)
jbarrett@baileyglasser.com
*(Pro Hac Admission to be Filed)*

Edward A. Broderick
Anthony I. Paronich
Broderick Law, P.C.
99 High Street, Suite 304
Boston, MA 02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*(Pro Hac Admission to be Filed)*

The Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760
Phone: (508) 655-1415
mmccue@massattorneys.net
*(Pro Hac Admission to be Filed)*

*Attorneys for Plaintiff and Proposed Class*